*W. W. Wick* and *L. Barbour,* for the plaintiff.

*W. Quarles* and *J. H. Bradley,* for the defendant.

---

## Russell *v.* Todd.

*A vendor of real estate having an equitable lien on it for part of the purchase-money, is not obliged (the vendee having absconded) to proceed against the land by attachment ; but he may enforce his lien in equity.*

ERROR to the *Cass* Circuit Court.

Dewey, J.— *Todd* filed a bill in equity against *Russell,* alleging that the complainant was seised and possessed of certain real estate, which he sold and conveyed to the defendant; that a part of the purchase-money only was paid down ; that for the balance the defendant executed his note to the complainant which remained unpaid ; that the com-

*Nov. Term, 1844.*

Russell *v.* Todd.

*Monday, November 25.*

Nov. Term, 1844.

plainant had never waived his lien upon the land for that part of the purchase-money still due ; that the defendant left the state, leaving no other property except the land thus conveyed to him by the complainant. The prayer of the bill is, that the defendant account to the complainant for the balance of the purchase-money not paid, and interest ; and that in default of paying it, the land be sold for its satisfaction ; and for general relief. A demurrer to the bill for want of equity was overruled ; and the defendant failing to plead or answer, after one continuance of the cause, the Court decreed according to the prayer of the bill.

It is contended by the plaintiff in error that the bill cannot be sustained, because it shows upon its face that the complainant had a remedy at law by the process of foreign attachment. This objection is groundless. The complainant is not seeking, in the character of a general creditor, to collect a debt. He is seeking the enforcement of an equitable lien. Such a lien he holds, as the vendor of the land, to the amount of the purchase-money not paid. He was not bound to resort to an attachment ; and had he done so, he might, in a great measure, have lost the benefit of his lien. Under an attachment, all the creditors of the defendant might have filed their demands, and shared, *pro rata*, with the complainant, the avails of the land. The demurrer to the bill was correctly overruled.

*Per Curiam.*—The decree is affirmed with costs.

*W. Wright*, for the plaintiff.

*D. D. Pratt*, for the defendant.